**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| CATHY TOOLE | § | PLAINTIFF |
| | § | |
| v. | § | Civil Action No. 1:06CV716LG-JMR |
| | § | |
| ALLEN WEINSTEIN, ET AL. | § | DEFENDANTS |

**ORDER DISMISSING PLAINTIFF'S COMPLAINT
FOR LACK OF SUBJECT MATTER JURISDICTION**

This cause comes before the Court *sua sponte,* after review of the pleadings on file in the above captioned cause. Specifically, the Court has reviewed the Plaintiff's response to the Court's show cause order and finds that the above captioned cause should be dismissed pursuant to FED. R. CIV. P. 12(b)(1).

District courts have jurisdiction of all civil actions "arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. However, the grounds for this Court's jurisdiction are not unlimited, a complaint must seek a *remedy* expressly granted by a federal law or it must require the construction of a federal statute or the application of federal legal principles for its disposition. *Frank v. Bear Stearns & Co.,* 128 F.3d 919, 922 (5th Cir. 1997). If this "court lacks the statutory or constitutional power to adjudicate the case," *The John Corp. v. City of Houston*, 214 F.3d 573, 576 (5th Cir. 2000) (citations omitted), the case should be dismissed for lack of jurisdiction.

The pleadings establish that the Plaintiff, Cathy Toole, is the widow of veteran James Luther Toole. Construed liberally, the gravamen of Plaintiff's complaint is that she has wrongfully been denied benefits by the United States Veteran's Administration. The complaint does not attack the constitutionality of an Act of Congress, rather it asserts that Plaintiff is rightfully entitled to certain verterans' benefits. 38 U. S.C. § 511(a) regulates the Authorities and Duties of the Secretary concerning Veterans' Benefits. It provides in part:

> **(a)** The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C.A. § 511.

In *Zuspann v. Brown,* 60 F.3d 1156 (5th Cir. 1995), the Fifth Circuit held that under 38 U.S.C. §§ 511 and 7251, [Veterans' Judicial Review Act], the district courts have no jurisdiction to review a denial of benefits. In support of its decision, the Court reasoned that:

> In 1988, Congress passed the Veterans' Judicial Review Act ("VJRA"), which clearly announced the intent of Congress to preclude review of benefits determinations in federal district courts. The VJRA also created an exclusive review procedure by which veterans may resolve their disagreements with the Department of Veterans Affairs. The VJRA allows veterans to appeal benefits determinations to the Board of Veterans' Appeals. Jurisdiction to review the Board's decisions is conferred exclusively on the Court of Veterans Appeals. The United States Court of Appeals for the Federal Circuit has exclusive jurisdiction to review the decisions of the Court of Veterans Appeals. Congress expressly gave the Federal Circuit Court of Appeals "exclusive jurisdiction" to "interpret constitutional and statutory provisions, to the extent presented and necessary to a decision".

*Zuspann,* 60 F.3d at 1158-59.

It is the opinion of the Court that Plaintiff is unable to demonstrate the requisite subject matter jurisdiction necessary for this Court to consider her claims. Accordingly,

**IT IS ORDERED AND ADJUDGED** that Plaintiff's complaint should be and is hereby **DISMISSED** for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1).

**SO ORDERED AND ADJUDGED** this the 6th day of December, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE